# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

_____

SONYA KENETTE BROWN,

                    *Plaintiff*,

v                                          Case No.: 1:22-cv-01240

                                           Hon.  Hala Y. Jarbou

                                           Magistrate Judge: Sally J. Berens

CITY OF ALBION,
ALBERT SMITH, individually and in his official capacity as City Council Member for
the City of Albion, GLENIANE REID, individually and in her official capacity as City
Council Member for the City of Albion, SHANE WILLIAMSON, individually and in his
official capacity as City Council Member for the City of Albion, DAVID ATCHISON,
individually and in his official capacity as the Mayor of the City of Albion, SCOTT
KIPP, individually and in his official capacity as Chief of Public Safety for the City of
Albion, JASON KERN, individually and in his official capacity as the Deputy Chief of
Public Safety for the City of Albion, CULLEN HARKNESS, individually and in his
official capacity as City Attorney for the City of Albion, and NICOLE WYGANT,
individually and in her official capacity as Detective/Sergeant for the City of Albion
Department of Public Safety,

                    *Defendants*,

_____

Eric J. Sheppard, P71914                   Michael S. Bogren, P34835
Attorney for Plaintiff                     Charles L. Bogren, P82424
2109 Hamilton Road, Suite 206              Attorneys for Defendants
Okemos MI 48864                            333 Bridge Street NW Suite 530
Ph: 517-618-1580                           Grand Rapids MI 49504
Fx: 517-913-6321                           269-226-8822
ericsheppard16@gmail.com                   mbogren@plunkettcooney.com
                                           cbogren@plunkettcooney.com

_____


**RE-SUBMITTED BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION
AND TO ALTER OR AMEND JUDGMENT**

**Background and Procedural History**

**Plaintiff's Complaint and Fair Notice:**

On December 20, 2022, Plaintiff filed a Complaint and Jury Demand against Defendant Smith, Defendant Reid, Defendant Atchison, Defendant Kipp, Defendant Kern, Defendant Harkness, and Defendant Wygant. (ECF No 1). Plaintiff's Complaint was accompanied by exhibits 1 through 20 (ECF No 2-21).

Plaintiff's Complaint asserted violations of Plaintiff's constitutional rights under the First Amendment, Fourteenth Amendment, and the Fourth Amendment. (ECF No 1, Page ID 2, paragraph 1). Plaintiff's Complaint contained Count I: First Amendment Violation (Against All Defendants) (ECF No 1, Page ID 66) and Count II: First Amendment Retaliation (Against All Defendants) (ECF No 1, Page ID 69).

Count II of Plaintiff's Complaint discussed Defendants retaliating against Plaintiff (ECF No 1, Page ID 70) and the Defendants criminally prosecuting Plaintiff (ECF No 1, Page ID 70-71). Count II of Plaintiff's Complaint cited to the elements of a First Amendment retaliation claim. (ECF No 1, Page ID 69).

Further, Plaintiff's Complaint cited to retaliatory arrest, in citation to *Reichle v Howards*, 566 US 658, 663 (2012), which is a case addressing a First Amendment retaliatory arrest claim and political speech. (ECF No 1, Page ID 10, paragraph 50).

Further, Plaintiff's Complaint cited to *Nieves v Bartlett*, 139 S Ct 1715 (2019), which is a case that involves a First Amendment retaliatory arrest.

Further, in Plaintiff's response in opposition to Defendants' motion to dismiss for failure to state a claim (EDF No 41), Plaintiff specifically addressed Count II as a retaliatory arrest claim ["**Count II** addresses the specific cause of action of First

2

Amendment retaliation, which incorporates retaliatory arrests and retaliatory prosecutions, both of which apply to Plaintiff. First Amendment retaliation requires a showing that a plaintiff (1) was engaged in a constitutionally protected activity, (2) the defendant's adverse action caused the plaintiff an injury that would deter or chill a person of ordinary firmness from continuing to engage in that activity, and (3) a causal connection such that the adverse action was motivated at least in part as a response to the exercise of the plaintiff's constitutional rights. *Jenkins v Rock Hill Local Sch Dist*, 513 F 3d 580 (6th Cir 2008).") (ECF No 41, Page ID 388-389).

Further, Plaintiff's response in opposition to Defendants' motion to dismiss for failure to state a claim (EDF No 41) cites to *Reichle* and *Nieves* and *Novak v City of Parma*, which all address First Amendment retaliatory arrest claims. [See *Reichle*, 566 U.S. at 668; see also *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722, 1724 (2019); *Novak v City of Parma*, 932 F.3d at 431–32.] (ECF No 41, Page ID 393-394).

Further, inherent in Plaintiff's Complaint is a claim that the Defendants adopted an unlawful official policy to hire a prosecutor to arrest and to criminally prosecute Plaintiff for Plaintiff's earlier, protected speech: Plaintiff's political speech and personal opinions about Defendant Scott Kipp and Defendant Scott Kipp's employment with the City of Albion. (ECF No 1, Page ID 3; ECF No 1; Page ID 72; ECF No 1, Page ID 77). Defendants' enactment of an unlawful official policy to hire a prosecutor to arrest and to criminally prosecute Plaintiff for Plaintiff's earlier, protected speech is subject to liability, regardless of the existence of probable cause. *Lozman v City of Riviera Beach*, 568 US 115 (2013).

In this case, Defendants and the Honorable Court all received fair notice of the claim of First Amendment retaliatory arrest, and the grounds upon which that claim rests. *Bell Atlantic Corporation v Twombly*, 550 US 544, 555 (2007).

**Additional Procedural History:**

On March 15, 2023, in lieu of filing an answer to Plaintiff's Complaint, Defendants filed a motion to dismiss Plaintiff's Complaint for failure to state a claim under Fed R Civ P 59 12(b)(6) (ECF No 27) and brief in support (ECF No 28).

On April 10, 2023, Defendants filed a motion to stay discovery pending Defendants' motion to dismiss (ECF No 34) and brief in support (ECF No 35).

On April 25, 2023, Plaintiff filed a response in opposition to Defendants' motion and brief to stay discovery. (ECF No 38).

On April 25, 2023, the Honorable Court issued an order denying Defendants' motion to stay discovery.

On April 28, 2023, Plaintiff filed a response in opposition to Defendants' motion to dismiss and brief in support (ECF No 41).

On May 2, 2023, a scheduling conference was conducted with Magistrate Judge Sally J. Berens; and a case management order was entered on May 2, 2023, which set forth a discovery schedule and discovery deadlines for this case. (ECF No 42 and ECF No 43).

On May 30, 2023, Defendants filed a reply brief to Plaintiff's response in opposition to Defendants' motion to dismiss. (ECF No 44).

On November 3, 2023, Plaintiff and Defendants stipulated to extend time for discovery in this case, as discovery had been ongoing but was not completed. (ECF No 49).

On November 3, 2023, the Honorable Court entered an amended case management order, which extended discovery to January 9, 2024 (ECF No 50).

Then, on December 4, 2023, the Honorable Court entered its Opinion and Order (ECF No 52 and ECF No 53).

## Opinion and Order

### Criminal Prosecution Against Plaintiff:

On page 7 of the Opinion (ECF No 52, Page ID 481), the Honorable Court states that Count II of Plaintiff's Complaint is a claim for First Amendment retaliation ["Specifically, Plaintiff contends that Defendants retaliated by investigating and criminally prosecuting Plaintiff."]. However, inherent in Plaintiff's Complaint and Count II is a First Amendment retaliatory arrest claim. *Supra*.

### Retaliatory Prosecution:

On page 13 of the Opinion (ECF No 52, Page ID 487), the Honorable Court sets forth the elements for a retaliatory prosecution. But the Honorable Court also cites to a retaliatory arrest case. ["*see also Hartman v Thompson*, 931 F.3d 471, 484 (6th Cir. 2019) (applying probable cause requirement to a retaliatory arrest)].

On page 19 of the Opinion (ECF No 52, Page ID 493), the Honorable Court holds that "Defendants had probable cause to prosecute Plaintiff, which defeats her retaliation claim stemming from that prosecution. Accordingly, for all the foregoing reasons, the Court will dismiss the retaliation claims in Counts I and II."

**Monell Liability:**

On pages 19-20 of the Opinion, the Honorable Court states, "Plaintiff claims that the City Council's decision to prosecute her was an unconstitutional policy adopted by the City to retaliate against her for engaging in protected speech. As discussed above, however, Plaintiff's retaliation claim fails because her complaint indicates that Defendants had probable cause to prosecute her. That logic applies to the City as well as the individual Defendants." (ECF No 52, Page ID 493-494).

**Malicious Prosecution:**

On page 21 of the Opinion, the Honorable Court states, "Although Plaintiff points to the fact that a jury acquitted her, an acquittal does not mean that Defendants lacked probable cause…Accordingly, the Court will dismiss Count IV." (ECF No 52, Page ID 495).

**Conspiracy:**

On page 21 of the Opinion, the Honorable Court states, "After dismissal of some conspiracy claims as untimely for reasons discussed above, the remaining conspiracy claims are those that concern conspiracies to investigate Plaintiff and to prosecute her without probable cause, in retaliation for her protected conduct." (ECF No 52, Page ID 495). Further, the Honorable Court states, "Plaintiff does not state viable retaliation claims regarding the investigation or the prosecution. In addition, she does not state a viable malicious prosecution claim. Without an underlying constitutional violation, there can be no civil conspiracy claim against the individuals involved." *Id*.

## Standard of Review

### Motion for Reconsideration:

Pursuant to WD Mich LCivR 7.4(a), to prevail on a motion for reconsideration, the movant must "not only demonstrate a palpable defect by which the Court and the parties have been misled, but also show that a different disposition of the case must result from a correction thereof."

A motion for reconsideration may not be used to simply rehash rejected arguments. WD Mich LCivR 7.4(a) ("Generally, and without restricting the discretion of the Court, motions for reconsideration which merely present the same issues ruled upon by the Court shall not be granted"); *Estate of Graham v City of Washtenaw*, 358 F3d 377, 385 (6th Cir 2004).

### Motion to Alter or Amend Judgment:

The Federal Rules of Civil Procedure do not contain any court rule regarding a motion for reconsideration. *Bass v United States Dep't of Agriculture*, 211 F 3d 959, 962 (5th Cir 2000). If a motion is filed within ten days of a district court's judgment, such a motion is construed as a motion to alter or amend filed pursuant to Rule 59(e). *Id*. *Edward H Bohlin Co v . Banning Co*, 6 F 3d 350, 353 (5th Cir 1993) (citing *Lavespere v Niagara Mach & Tool Works Inc*, 910 F 2d 167, 173 (5th Cir 1990), and *Harcon Barge Co v D&G Boat Rentals*, 784 F 2d 665, 669-70 (5th Cir 1986) (en banc)).

Motions that are not timely under Rule 59 must be treated as motions filed under Rule 60(b). *Hamilton Plaintiffs v Williams Plaintiffs*, 147  3d 367, 371  n10 (5th Cir 1998).

A Rule 59(e) motion may be granted if the moving party demonstrates any of the

following: (1) the judgment was based upon a manifest error of law or fact; (2) there is

newly discovered or previously unavailable evidence; (3) to prevent manifest injustice;

and (4) there is an intervening change in controlling law. See 11 CHARLES ALAN

WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE §

2810.1 (2d ed. 1995).

      Under Rule 60(b), a district court "may relieve a party" from the effects of a

"final judgment, order, or proceeding for the following reasons: (1) mistake,

inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due

diligence could not have been discovered in time to move for a new trial under Rule

59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic),

misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5)

the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason

justifying relief from the operation of the judgment." Fed R CIV P 60(b). "The burden of

establishing at least one of these 'exacting substantive requirements' is on the movant,"

and a determination of whether that showing has been made is within the district court's

discretion. *Resolution Trust Corp v Holmes*, 846 F Supp. 1310, 1314 (SD Tex 1994)

(quoting *Lavespere v Niagara Mach & Tool Works, Inc*, 910 F 2d 167, 173-75 (5th Cir

1990), cert denied, 510 US 859 (1993)). From *United States v Rudy Rudolph*, US Dist Ct

Southern Dist of Texas, Case No.; 4:02-cr-00633 (ECF 157) (2005).

**Law Regarding Probable Cause and 1983 Claims**

**Hartman and Mt. Healthy:**

The longstanding general constitutional principle is that the First Amendment prevents government officials from retaliating against individuals for their protected speech. *Hartman v Moore*, 547 US 250 (2006) (citing *Crawford El v Britton*, 523 US 574 (1998).

In *Hartman*, the United States Supreme Court ruled that a plaintiff alleging a retaliatory prosecution must show the absence of probable cause for the underlying charge. If there was probable cause, the case ends. If the plaintiff proves the absence of probable cause, then the *Mt. Healthy* test governs: the plaintiff must show that the retaliation was a substantial motivating factor behind the prosecution, and, if that showing is made, the defendant prevail only by showing that the prosecution would have been initiated without respect to retaliation. *Mt Healthy City Bd of Ed v Doyle*, 429 US 274 (1977).

**Lozman:**

In *Lozman v City of Riviera Beach*, 568 US 115 (2013), the Court held that the existence of probable cause did not bar Lozman's claim for retaliatory arrest and prosecution. Lozman's *Monell* claim was a claim that the city, through the actions of its officers and employees, formed an official policy to retaliate against Lozman and ordered Lozman's arrest. The *Lozman* court discussed the city retaliating against Lozman pursuant to an official municipal policy of intimidation: a premeditated plan to intimidate

Lozman in retaliation for Lozman's criticisms of city officials and his open meetings act lawsuit. The *Lozman* court discussed the city itself, through the same high officers, executing a plan by ordering Lozman's arrest at the November 2006 council meeting ["when retaliation against protected speech is elevated to the level of official policy, there is a compelling need for adequate avenues of redress."].

*Lozman* held, "[this] unique class of retaliatory arrest claims, moreover, will require objective evidence of a policy motivated by retaliation to survive summary judgment." The *Lozman* court held that the right to petition is one of the most precious liberties safeguarded by the Bill of Rights. For those reasons, the *Lozman* court held that Lozman need not prove the absence of probable cause to maintain a claim of retaliatory arrest against the city.

**Nieves:**

In *Nieves v Bartlett*, 139 S Ct 1715 (2019), the Court held that a First Amendment retaliatory arrest claim may not lie against an officer who has probable cause to make an arrest under circumstances that require "split-second judgments." 139 S Ct 1715, 1724 (2019). However, the United State Supreme Court held that there was an exception to this general rule in split second judgment cases: "for circumstances where officers have probable cause to make arrests, but typically exercise their discretion not to do so."

The *Nieves* exception is: plaintiffs do not have to prove the lack of probable cause if arrested for conduct that "otherwise similarly situated individuals" were not arrested for (the "atypical-arrest" exception). 139 S Ct 1715, 1727 (2019).

**Gonzalez v Trevino:**

In *Gonzalez v Trevino*, No. 21-50276 (5th Cir 2022), the Fifth Circuit held that the *Nieves* probable cause rule barred Gonzalez's retaliation claims. The court held that Gonzalez failed to present sufficient objective evidence to satisfy the jaywalking exception, as *Nieves* requires comparative evidence - because it required objective evidence of otherwise similarly situated individuals who engage in the same criminal conduct but were not arrested.

On April 20, 2023, Gonzalez filed a petition for writ of certiorari with the United States Supreme Court. On October 13, 2023, the Supreme Court granted Gonzalez's petition. And the *Gonzalez* case is pending in the Supreme Court.

In the briefing supporting the *Gonzalez* certiorari petition, amici have focused on accountability. ["This case represents an important opportunity to ensure that officers who abuse their power to engage in premeditated retaliatory arrests are held accountable" Law Enforcement Action Partnership (LEAP) Amicus Curiae Brief, **Attached as Exhibit 1**).

## Analysis

In this case, the Honorable Court's Opinion dismissing Count I, II, IV, and V of Plaintiff's Complaint hinges upon the Honorable Court's finding that Defendants had sufficient probable cause to arrest and prosecute Plaintiff. And while Plaintiff disagrees with the Honorable Court's discussion and analysis of that issue, the presence or lack of

probable cause does not end the inquiry into Plaintiff's First Amendment retaliation claims.

As discussed above, inherent in Count I and Count II of Plaintiff's Complaint is a First Amendment retaliatory arrest claim. The Honorable Court's Opinion does not ever cite to *Mt. Healthy* and *Lozman* and *Nieves* and *Gonzalez*, much less analyze the rules and exceptions articulated in those cases and how the rules and exceptions in those cases apply to Plaintiff's case. The Honorable Court's Opinion does contain a citation to *Hartman* (ECF No 52, Page ID 487), but *Hartman* is not the end of the Supreme Court jurisprudence regarding probable cause and First Amendment retaliation.

**Lozman:**

In this case, Plaintiff's case fits within the framework of *Lozman*.

Just like in *Lozman*, Plaintiff was an outspoken critic of Defendant Scott Kipp (ECF No 1, Page ID 32, paragraph 149; ECF No 1, Page ID 38, paragraph 204; ECF No 1, Page ID 39, paragraph 212; ECF No 1, Page ID 40, paragraph 223; ECF No 1, Page ID 42, paragraph 238; ECF No 1, Page ID 42, paragraph 242; ECF No 1, Page ID 43, paragraph 249; ECF No 1, Page ID 44, paragraph 259; ECF No 1, Page ID 52; paragraph 307-310; ECF No 1, Page ID 52, paragraph 314-319; ECF No 1, Page ID 53, paragraph 322-324).

Just like in *Lozman*, Plaintiff spoke publicly many times and criticized Defendant Kipp and other Defendants that were City of Albion government officials. *Id*.

Just like in *Lozman*, the Defendants in this case formed an official plan to

intimidate Plaintiff and to stifle Plaintiff's speech. In the *Lozman* case, the defendants arrested Lozman at a city council meeting. In Plaintiff's case, the Defendants voted to hire an attorney to investigate Plaintiff (ECF No 1, Page ID 54, paragraph 329). In Plaintiff's case, the Defendants voted to hire a special prosecutor to criminally prosecute Plaintiff. (ECF No 1, Page ID 58, paragraph 365).

In *Lozman*, the United States Supreme Court concluded that the existence of probable cause did not bar Lozman's claim for First Amendment retaliation and retaliatory arrest. The Lozman claim was a *Monell* claim against the city, through the actions of its officers and employees, that the city formed an official policy to retaliate against Lozman and ordered Lozman's arrest. Similarly, Plaintiff has filed a *Monell* claim that the City of Albion, through the actions of all of the named Defendants, has formed an official policy to retaliate against Plaintiff and ordered Plaintiff to be prosecuted and an arrest warrant be issued against Plaintiff. And just like the the Supreme Court concluded that the existence of probable cause did not bar Lozman's claim for First Amendment retaliation and retaliatory arrest, the Honorable Court must conclude that Plaintiff's claims for First Amendment retaliation and retaliatory arrest are not barred by the existence of probable cause. To ignore the *Lozman* clearly established precedent would be a manifest error in law and fact and manifest injustice under Rule 59(e). Ignoring the *Lozman* clearly established precedent would justify relief under Rule 60(b) – to vacate the dismissal of claims and Defendants.

There are differences between Plaintiff's case and *Lozman*. In Plaintiff's case, Plaintiff does not concede the existence of probable cause. In Plaintiff's case, Plaintiff does challenge the constitutionality of Section 5.8 of the City of Albion Charter, arguing

that the Charter Section 5.8 is overly broad and that it impermissibly targets speech based on its content or viewpoint. In Plaintiff's case, Plaintiff does assert that Section 5.8 of the Charter was enforced in a way that curtailed Plaintiff's right to peaceful assembly and to engage in protected political speech. But those are additional reasons why the Honorable Court must grant Plaintiff's requested relief and why there is manifest error and manifest injustice in dismissing Count I, II, IV, and V of Plaintiff's Complaint and the portion of Count III that is a retaliation claim under *Monell*.

**Nieves:**

In this case, Plaintiff also asserts that, despite the fact that Plaintiff's case does not involve a "split-second judgment," the *Nieves* exception for probable cause would apply to Plaintiff's case and all of Plaintiff's First Amendment retaliation claims. The *Nieves* exception is that plaintiffs do not have to prove the lack of probable cause if arrested for conduct that "otherwise similarly situated individuals" were not arrested for (the "atypical-arrest" exception). 139 S Ct 1715, 1727 (2019). In this case, Plaintiff asserts that otherwise similarly situated individuals were treated differently than Plaintiff and were not arrested for violations of the City of Albion Charter. Plaintiff documented these similarly situated individuals and made her point part of the public record for the City of Albion, contemporaneously to the investigation and prosecution of Plaintiff. In the attached March 16, 2020 Memo, Plaintiff details Defendant Shane Williamson engaging in a Charter violation; and Plaintiff details Defendant David Atchison engaging in a Charter violation. (Memo, **Attached as Exhibit 2**).

The Honorable Court may consider public records in a motion to dismiss. *Bailey v*

*City of Ann Arbor*, 860 F3d 382 (6th Cir 2017). And Plaintiff's **Exhibit 2** shows that other similarly situated individuals who were violating the City of Albion Charter, namely Defendant Williamson and Defendant Atchison, were not being investigated and criminally prosecuted for their Charter violation behavior. It was only Plaintiff that was investigated and criminally prosecuted – as Plaintiff was engaged in public criticism of Defendant Scott Kipp and other named Defendants.

The *Nieves* exception must apply to Plaintiff's case, as established in **Exhibit 2**. To ignore the *Nieves* clearly established precedent would be a manifest error in law and fact and manifest injustice under Rule 59(e). Ignoring the *Nieves* clearly established precedent would justify relief under Rule 60(b) – to vacate the dismissal of claims and Defendants.

Further, discovery remains open in this case. Thus far, depositions have been taken for Plaintiff, Defendant Cullen Harkness, and Defendant Albert Smith. In Defendant Cullen Harkness' deposition, Defendant Harkness testified that upon retrieving the Facebook Messenger messages (ECF No 2), the Facebook Messenger messages were not considered criminal and were considered only to be a labor issue. (Defendant Harkness deposition transcript unavailable at this time). Defendant Harkness further testified that he was not aware of anyone else ever being prosecuted for Charter Section 5.8.

Finally, Defendant Scott Kipp testified at Plaintiff's criminal misdemeanor trial. Plaintiff asserts that Defendant Scott Kipp testified under oath at trial that Defendant Scott Kipp did not follow chain of custody protocol for the discovery and retrieval of

ECF No 2 – because the Facebook Messenger messages were not considered to be criminal evidence or criminal in nature. (Affidavit of Plaintiff, **Attached as Exhibit 3**); (Trial transcript unavailable at this time).

All of this is evidence of the "jaywalking" exception under *Nieves*: that similarly situated individuals were never charged with any Charter violation and that Plaintiff was criminally prosecuted for her speech that was critical of Defendant Scott Kipp. Under *Nieves*, the Honorable Court must vacate the dismissal of Count I, II, IV, and V of Plaintiff's Complaint and the portion of Count III that is a retaliation claim under *Monell*.

**Gonzales v Trevino:**

Plaintiff's case has strikingly similar facts to the *Gonzalez* case. Both Plaintiff and Gonzalez were councilwomen. Both Plaintiff and Gonzales became involved in an event involving a city manager. Both Plaintiff and Gonzalez were punished for their political speech and had city officials engage in a months long investigation of retaliation, through an official policy of the city, with a special investigator hired to perform the work; and both Plaintiff and Gonzalez were subject to a criminal arrest warrant being issued, a criminal prosecution being initiated, and embarrassing public disclosure of their affairs with the media.

Moreover, both Plaintiff and Gonzalez were subjected to criminal prosecution for an alleged crime that was never prosecuted against anyone else, in Plaintiff's case, and never prosecuted under any similar factual basis in the *Gonzalez* case. **Exhibit 1**; *supra*.

In *Gonzalez*, the Fifth Circuit held that the plaintiff needed objective comparative

evidence to satisfy the jaywalking exception. But in Plaintiff's case, Plaintiff's **Exhibit 2** provides the objective comparative evidence that was allegedly missing in *Gonzalez*.

For the above reasons, the *Nieves* exception must apply to Plaintiff's case. To ignore the *Nieves* clearly established precedent would be a manifest error in law and fact and manifest injustice under Rule 59(e). Ignoring the *Nieves* clearly established precedent would justify relief under Rule 60(b) – to vacate the dismissal of claims and Defendants.

**Request for Relief**

WHEREFORE, for the reasons set forth in this motion and accompanying Brief in Support of Motion for Reconsideration and to Alter or Amend Judgment, Plaintiff respectfully requests the Honorable Court to enter an order: (a) granting Plaintiff's motion, (b) altering or amending the Honorable Court's Opinion and Order, (c) vacating its dismissal of and reinstating Count I, II, IV, and V of Plaintiff's Complaint, (d) vacating its dismissal of and reinstating Defendant Smith, Defendant Reid, Defendant Atchison, Defendant Kipp, Defendant Kern, Defendant Harkness, and Defendant Wygant as Defendants to this case, (e) vacating its dismissal of and reinstating Count III of Plaintiff's Complaint, to the extent that the City of Albion adopted a policy to retaliate against Plaintiff and to prosecute Plaintiff without probable cause, and (f) granting Plaintiff any alternate relief in equity and good conscience.

Respectfully submitted:

Dated: December 15, 2023                    _____/s/ Eric J. Sheppard_____
                                            By: Eric J. Sheppard, P71914
                                            Attorney for Plaintiff
                                            2109 Hamilton Road, Suite 206
                                            Okemos MI 48864
                                            517-618-1580
                                            ericsheppard16@gmail.com

## Word Count Certificate of Compliance

Pursuant to Microsoft Word, the word count of this brief is 4044, which does not

include the case caption and signature block and this certificate of compliance and

signature block.

Respectfully submitted:

Dated: December 15, 2023                    _____/s/ Eric J. Sheppard_____
                                            By: Eric J. Sheppard, P71914
                                            Attorney for Plaintiff
                                            2109 Hamilton Road, Suite 206
                                            Okemos MI 48864
                                            517-618-1580
                                            ericsheppard16@gmail.com